Great, thank you, Your Honor. I'm from McDowell. On behalf of Petitioner Appellant Jason Nsinano, I'd like to reserve three minutes for rebuttal. In the District Court, my client sought U-Visa certification under 8 U.S.C. 1184-P1 so that he could apply for a U-Visa from USCIS. In denying his request, the District Court held that it lacked jurisdiction, both because it mistakenly believed that it was reviewing a USCIS denial of a U-Visa petition, and because it thought its certification authority was confined to criminal cases alone. The government primarily defends only the latter rationale, so I'd like to start there, beginning with the text of the relevant provision and then moving on to the statutory context and the consequences of the parties' respective interpretations. So Section 1184-P1 is set forth at page 3 of the addendum to our brief, and it states that certification can come from, a federal, state, or local law enforcement official, prosecutor, judge, or other federal, state, or local authority investigating criminal activity. Counsel, could your client have gone to the local sheriff and asked him to give a certification? Yes, Your Honor. I think he could have done so, and this is an important... Even if the local sheriff didn't have anything to do with the investigation? Yes, Your Honor. I think that's what 1184-P1 contemplates, but let me point out a very important point. I don't know if any of these officials, whether it's a judge, a local prosecutor, or a police officer, has any obligation to do anything when they receive such a request. 1184-P1, broadly, if they don't have any obligation... Just be clear. He could go to the sheriff of the county where he's living, or some other sheriff. It wouldn't even have to be a sheriff that was in the same circuit where he'd been living. Your Honor, that is the upshot of the statutory text. The statutory text broadly empowers... Congress was so clumsy with this that they would allow him to go to any law enforcement officer in the country to seek a certification? That he was cooperating in a matter in which they had no involvement? There are a couple points I'd like to make about that. First of all, again, that interpretation would impose no additional burdens on those officials because they have no obligation to do anything with respect to the request. What 1184-P1 does is it broadly empowers those officials to provide certification... Just to be clear, counsel, your position is that this is an act of unreviewable discretion by the listed judge, the law enforcement. That's not something that you can challenge in the exercise of their discretion whether to act on it. Is that what you're saying? In the minority of cases, that's going to be the case. The reason why this decision below was different was because the court held as a matter of jurisdiction that it lacked power to provide certification in a civil case at all. Under this court's section 1291 case law, that sort of jurisdictional holding is quintessentially judicial and makes it judicially reviewable. But if it... Counsel, why is this... I'm sorry, go ahead. I was going to say, but in the mine run denial on the merits or even where the request is not handled in any respect, there would be no appellate review under 1291. This is a different... Counsel, why is the certification request appropriately brought in habeas? Your Honor, that's another point of confusion, I think, because my client's habeas claim was with respect to his due process claim. Okay, so I just want to make sure. So you do not have a freestanding claim for certification that 1184-P1 works. It's a statutory provision that empowers judges and these officials to provide a particular generally administrative remedy, just like the provision in ISSB Davis, for instance, allow judges to provide a funding remedy. Let me ask you about that. Go ahead, Judge Bivey. Go ahead. I just want to follow up with that with two quick questions. So could he have brought a freestanding request, let's say citing 1331 federal question jurisdiction rather than habeas as a cause of action? Did he have a freestanding cause of action? If he just came in and said, the only thing I'm asking for is certification and I'm filing under 1184-P1 and 1331? Your Honor, no. And the reason for that is that generally these are going to be administrative requests. Okay. I understand that answer was very clear. Thank you. Now, given that he could not have brought a freestanding request, how can he attach it assuming that he had a due process claim? How could he attach it to a due process claim? What gives him the right to do this and then file an appeal from that if he couldn't have brought it as a freestanding action? Okay. So for as to the appellate jurisdiction point, this was an administrative request. And again, normally a denial on the merits of a request would not be appealable under 1291 for the reasons the government states it's an administrative request. The reason why he can appeal this decision is because the court held quite clearly throughout its decision that this was a jurisdictional holding. The court said it lacked the power to- So Miguel, could I ask you a question about that? Yes. So let's say you file a habeas petition in my court and you've got a due process claim. And then you say, you know what, Judge, since I have you as part of this habeas proceeding, I'm going to ask you to perform my wedding ceremony. And my response to you is, well, I appreciate the request, but I don't have jurisdiction to perform your wedding ceremony. And it turns out that I'm wrong about that. You're saying that because I declined to perform your wedding ceremony on jurisdictional grounds rather than on the merits, because I didn't think you were a good couple or whatever, you can appeal that to the Ninth Circuit? No, Your Honor, because there's no statute governing when judges can provide wedding ceremonies. Then a helpful analogy here is the CJA- Okay, what if it was? Then it would just be like the Criminal Justice Act attorney fees context where this court has held quite specifically that when a district court sets a fee rate on the merits, that's not reviewable. It's an administrative decision. But when a district court holds that it lacks jurisdiction to provide attorney's fees under the Criminal Justice Act statute at all, that becomes a reviewable decision. So assuming there were a statute concerning wedding ceremonies, then yes, I think that could be appealable. But obviously, I don't think that there is such a statute on the books. So just to be very clear again, the habeas petition under 2241- Counsel, it seems a little bit odd that the judge says, I don't think, because after all, there is sort of a question here that we haven't really got to the interpretation of statute of whether or not any judge can do this or whether it needs to be a judge that's involved with the question. If a judge took that and said, I wasn't involved with the case, so I don't think I can do it. And the judge could answer that question in three ways. The judge could say, I'm not going to do it, just I'm not going to do it. And you wouldn't know. And I guess you would say that that would not be appealable because you wouldn't know that the judge had decided that on a jurisdictional basis or just refusing to do it. Or the judge could say, I don't have jurisdiction, which is the other end of the spectrum. And you're saying that is just because the judge did it for that reason. And then the judge could say something sort of in the middle, like, I don't think this statute says I can do it. But I guess you would say that was lack of jurisdiction. Well, it would depend on it would depend on what the judge says in the case. And here, the judge was quite, quite clear throughout that the judge said that she lacked subject matter jurisdiction. On page 13, year 13, the judge said the appropriate court to issue certification. I hear I get that. It's just the odd thing is, is you've got a judge that doesn't want to do this. Right. And she doesn't want to do it because she doesn't think she has jurisdiction, which which you may or may not. But at the end of the day, we said, oh, it turns out you do have jurisdiction. I mean, she's going to she's not going to do it. Right. It's going to go. That seems much to do about nothing. Well, the reason why it is important, Your Honor, is because judges in the circuit and elsewhere need to know, in our view, that they have the power to provide certification even outside of an ongoing criminal case. So this and people in detention need to know they should send I mean, under your under your interpretation of this, that they should send mass mailings out to every judge and law enforcement and local sheriff and see if they can get one to bite under your interpretation. Well, Your Honor, I don't think that's likely to occur for a couple of reasons. First, you send them all to San Francisco. They'll get granted. First of all, Your Honor, there's little there's little incentive for noncitizens to do that sort of thing, because it's very unlikely that a judge is going to sign such a certification request under pain of perjury and say that the substantive certifications are met. And even in the off chance that a single judge here or there in San Francisco or wherever did so, USCIS would deny the U visa petition for a frivolous request that noncitizens would end up with no benefits anyway. And then on the other hand, these are noncitizens who know what you're saying is that the judges that are going to get these are judges that like here you have another you have some other they bring it as a pendant action, so to speak, because I'm asking about that is that I want to you're going to run out of time. And I want I'm curious about this due process claim, this amazing due process claim that that Mr. Nisanyo brought. So, you know, I looked at I went back and looked at his. And of course, he's a pro se petitioner. But he mentions, I think, his ground for he mentions a due process. Not clear to me what that is. And if I was reading his and as you know, he did in his remedy, he doesn't ask for any any bond hearing or anything like that. His whole complaint, his whole petition reads like it's all about I can't get released earlier because I don't have this certification. So please give me the certification. And then the judge dismisses that without the government ever being involved when he files a motion for reconsideration. He says you didn't address some other ground, but he doesn't say what that ground is. Again, there's no due process isn't even mentioned in the motion for reconsideration. And it isn't until I read in the reply that I actually would have I as a judge would have any idea that he's talking about some due process claim that's unrelated to his U visa. So why? I understand we need to read things generously for pro se petitioners, but I don't think that extends to letting them raise raise an argument and actually articulate what it is for the first time in their reply and support their reconsideration. So I'm not sure there is actually a due process claim here that is independent of the of the in ground three, he mentions due process in service of his U visa. So what is that due process claim? Well, even if there is no due process claim, this court still has jurisdiction to decide whether the court has power over the under the 1184 P one to provide certification outside of a criminal case that this court's appellate jurisdiction does not rest on the fact that he raised a due process claim. But putting that aside, as the due process claim, we number one, we think that you do have to read it generously because it's a pro se petitioner. And number two, he's operating against the backdrop of precedent in the Ninth Circuit, such as Rodriguez v. Robbins, where courts are saying that after six months in detention, petitioners like him are owed a bond hearing and sometimes but that's okay, the bond hearing is the closest that's that's that's what I would have I wouldn't know what he was talking about a bond hearing and tell his motion in support of his his reply in support of his motion. That'd be the first I'd know that when I go and read it, and then I actually read the cases and go, Oh, he's talking about bond here. I didn't know that. So query whether or not he can bring that up that late, even as a pro se petitioner, but even if he could, that's mooted. I mean, he's got a bond, he got a bond here, and he's out on bond. So I understand that some due process claims aren't mooted by release, a bond, a due process claim that my due process rights are being violated, because I haven't been released through a bond hearing, that would seem to be mooted by a bond hearing and respectfully, Your Honor, do do two and Rodriguez v. Hayes are both directly on point here. And they say that when a petitioner is released, who raises a prolonged detention claim asking for a bond hearing is released during the pendency of the case that does not move the case so long as the government has disavowed legal authority to read it in him without a bond here. So no, wait, wait, wait. It's where did those cases involve somebody who was released after a bond hearing? Your Honor, I don't believe so. But what? But but but this is right. But if he's been released, if he's been released on bond, what's his claim to have enough? He wants another bond hearing. Your Honor, he could be redetained without a bond hearing right now after January. But if he's but but what does he get bond hearings in perpetuity? No, Your Honor, but he's he's saying that to be redetained, he would need another bond hearing. Right now, the government could redetain him without a bond hearing under Jennings v. Rodriguez. A declaratory judgment saying that that's impermissible would put him in a better position than he currently is in today. So that claim remains live. But again, nothing. I think I think your problem on the on the mootness issue is that this was not a situation where the judge ruled in your client's favor on his request for a bond hearing. And then he got his bond hearing and he was released. And the government takes it up on appeal. And the government gets the district judge's decision reversed on appeal. I would think in that situation, you might have a concern, right, that the based on the reversal, the government will go and redetain your client. But in this case, your client filed this petition. He he lost in the district court. And he ice released him for some reason that's apparently unrelated to this lawsuit and gave him a bond hearing for some reason that's apparently unrelated to this lawsuit. And and so that it seems to me clearly moots the request for a bond here. Your Honor, I take the point that the factual circumstances are different, but I think that's ultimately a distinction that doesn't make a difference. Because what the question is, is whether there's voluntary cessation here. And the government has a very heavy burden to show that mootness through voluntary cessation. It would have to show that he has no continuing stake whatsoever and a declaratory judgment that redetaining him. Counsel, I don't think that makes sense because, you know, remember, we're we're pretending we're in the slightly fantasy world that he actually had raised an argument as best as what I've heard from you is the only one I could think that he could erase this. I want a bond hearing because I deserve one because of due process. He got that bond hearing. Now, if he gets if he gets brought back for some reason, he got that bond hearing and he got the remedy he wanted. If he gets brought back, maybe he'll have another due process claim, but it will be a different due process claim than the due process claim to say I want that initial bond hearing. So, you know, it seems to me like it's completely it's completely not right and completely speculative as to whether or not he might get get brought back. Unlike, as Judge Javier said, it'd be a different situation if the government was fighting him getting a bond hearing. But this isn't that situation. Your Honor, again, the question would still be whether someone who is detained for the length of time that he was detained, which I believe was 22 months, could be redetained without a bond legal question of whether that he was raising initially, whether his due process rights would be violated by holding him for that amount of time without a bond hearing. And again, a declaratory judgment here that he could not be redetained without such a hearing would put him in a better position. And that's all that is required. Counsel, I don't know how he could have been raising the argument when he was his argument when he was detained. Best case scenario is that I you know, I deserve due and to be released on bond. He got that. His argument could not have been I don't think I don't think it's it passes a straight face that says argument could have been I deserve if I get a bond hearing and I get released to not be able to be redetained without a subsequent bond hearing. That could not have been his argument that he that he brought in his petition. The factual circumstance, I agree with that. But I do think that ultimately the legal claim is the same one, which is under what circumstances someone that's been detained with their asylum proceedings pending under your argument. Just to be clear, under your argument, if you ask if you if you brought a due process claim and you said, I need I do. I get a bond hearing and the court says, you're right. You're due process. You know, I rule for you on your due process claim. You get a bond here and your client could say, well, that's not you know, you haven't ruled for me because you haven't given me a due process and say I can't be taken back without a bond here. There's no there's no end to that claim. There's no way to resolve it. The difference here is that we're within the context of one case. And the question is whether there's mootness through voluntary cessation. And it's the government's burden to show that it's it's impossible, essentially, for my client to still have any modicum of relief. And I just don't think the government has made such a showing. And that's just I'm sorry. I know we've taken you over. But I just thought of one other thing, one other problem with with your mootness argument, which is my understanding. I had a case a couple of years ago called Saravia versus Sessions. And what I learned in that case is that at least as of a couple of years ago, ICE's policy was if you release somebody on bond and you want to re-detain them, you can't just go out and re-detain them. You have to show ICE has to show that there are changed circumstances from the time that an immigration judge determined that the person was neither a flight risk nor a danger to the community. So unless that policy has changed in the last couple of years, I think actually your client would have the opportunity to challenge his re-detention now that an immigration judge has released him on bond. Well, the government has not made that representation here. So I guess I just encourage you to ask the government that question. My understanding is that the government is is aggressively interpret interpreting Jennings v. I claim without a bond hearing. But if they if they disavow that authority, ensure the claim that claim would be moved. But again, that is nothing. That's a completely separate question than the 1184 certification request, which I think is the kind of principle question that's raised by this appeal and the ground on which the judge below decided the case. Thank you, counsel. We'll go ahead and I'm sure we'll give you some time for rebuttal. We just want to make sure you're getting your your time's worth as a pro bono counsel on this case. Thank you. Go ahead, counsel, for the government. You can proceed. May it please the court. My name is Francesca Genova with the Department of Justice and I represent the attorney general in this matter as a preliminary matter with regard to the certification. There is no claim, as the court has already pointed out, against the executive branch. The claim on the certification is directed towards the district court and the district court's denial of a reprimand of the habeas petition that was filed. And so there are two distinct issues in this case. If you even take it that he made a potential claim, which, as the government pointed out in the brief, seems as if on the face of the habeas petition, he did not. And that is the habeas petition and the certification decision. The the there is no relation between the certification and the habeas petition. It doesn't confer any benefits to get a certification that would permit any change in the habeas petition. In his argument, petitioner seems to now disavow the need for a nexus between the habeas petition and the visa certification. However, it seems as if in the brief that was that was the driving force of the court's jurisdictional determination and the error in that. In this case, the U-Visa certification decision, the district court was correct in denying and the court could do so by determining that lack jurisdiction over the habeas claim. A U-Visa certification decision is issued in the same posture as if the judge is acting like a local state or federal law enforcement officer or prosecutor. And the form that is filled out for to receive a U-Visa certification states that under penalty of perjury that you have to check a box about whether or not the person continues to be helpful in the investigation or prosecution of the underlying crime. So it makes sense that the court reviewing this determined that it was not a judicial type decision. So the language of jurisdiction doesn't really fit there. And counsel, I get your argument on the fact that it does seem kind of odd to include, you know, every judge and every sheriff and in the nation, right, as possible when they have no eye to it. I guess in some sense, the question is, given the Sinos Council's position that it doesn't matter because they don't have, you know, they have pretty much unfettered discretion, unless they, I guess, unless they accidentally make the mistake of saying they don't have jurisdiction. If they say that, then they're in trouble. But other than that, they have unfettered jurisdiction. What does it matter? I mean, I guess they can just, they can drop it in the circular file if they get one of these, it sounds like. The issue with that is that that's not the correct reading of the statute. The statute makes clear that there needs to be a nexus and petitioners reading of the statute strips the cross-reference to the qualifying crimes from the provision stating that there needs to be a certification about the statute. So just to be clear, is your argument that the statute clearly says that? Because the statute is kind of confusing and it seems to have two, that's the reason I got my, I had my reading law book, I had to get my reading law book out in order to compare these canons. And it seems like they go in opposite directions. So is your argument that it's clear that it has to have that nexus? Or is your argument that, is that it? Is that your argument? Or is it that you should, we should defer to, under Chevron, we should defer to the agency's interpretation? So our first line argument is that it is unambiguous that there needs to be that connecting nexus. The second argument is that it is ambiguous in terms of the term investigating and what Congress meant by that term. So that Chevron applies and the agency gets deference to the regulations. It is kind of weird though, because judges don't investigate, right? So I understand that you've given an interpretation, but you're basically saying we should interpret it broadly, which is really saying we should interpret to mean something that is not really made clear in its regulation that it, it noticed the word needed to be effectuated. But again, if you look, take a look at 1184 P1, which talks about the petitioning procedure, and then you look at the language of 1101 815 U, lowercase Roman numeral one, uppercase Roman numeral three. You have almost the identical language talking about how the alien needs to be helpful or likely to be helpful to a federal state or local law enforcement official, to a federal state or local prosecutor, to a federal state judge, to the service or to other federal state or local authorities investigating or prosecuting criminal activity described in clause three. And petitioner in his reply brief on page 20 does not contest that that provision means that you have to be helpful to an organization dealing with the underlying criminal complaint. So the, the difference between those two statutes seems to be negligible and USAS interpreting the statute as a whole, looking at these editorial provisions, looking at the context and the purpose, which the Supreme court has, has routinely upheld in determining the public law when this was promulgated, stated the purpose of the U visa is to assist a law enforcement agency in the prosecution of crimes and to assist them in, in regularizing the aliens who assist in the prosecution of those crimes with the dual purpose that it is good for the, the alien to receive a U visa based on this. I think I agree with your argument that you construction question at step one. I mean, it seems to me that when you look at the language and the context, there's only one reasonable construction and that's yours. And if there's only one reasonable construction, that means you, I think that means you went at step one, but my question is, do we, do we get there because you've also argued that it's not appealable. And as you've heard that argument has gotten some traction. Does that sort of preclude us from construing in an opinion? If we agree with you on that, does that preclude us from construing the statute in the way that you want us to, or is the statutory construction question still relevant in the context of whether it's appealable, whether this, the judge's decision was appealable? No, Your Honor, you wouldn't need to reach the statutory construction question. If you roll on the 1291 issue and, and there are two points to that 1291 issue. The first, as this court has held in re-application for exemption regarding fees or fees is that the request is unrelated to pending litigation and that it is not an adversarial proceeding. That's the issue in this case because there is no complaint, as I mentioned, against the executive branch in this matter. So the executive branch is not an counsel. If that's right, I'm just thinking a little more about it. So Judge Chabria, I think asked a really good question. And if, if, if what you just said is the right answer, which maybe it is the right answer, but that means that you're never going to get appellate judges to say, to give this, to give, to give the imprimatur to your interpretation, which would prevent this kind of thing in the future. So is that really what you want? Or would you rather, or would you rather have us say, this is, you know, the interpretation of this is it has to be somebody that was actually involved in that, in that investigation? Your Honor, it's not the case that it wouldn't be able to get reviewed. If USCIS were to deny a U visa based on the fact that it did not believe that a certification from a related entity was sufficient, then that would be reviewable. This court recently held. Do they do that? I don't know how this, how USCIS, how USCIS does it. Do they, you know, I would have in the briefing that basically they take, they take the certification, but they exercise independent judgment. What do they say when they say no? Or do they say anything? Do they just, do they just never hear back? What happens? I'm not sure in every instance. However, I have seen lengthy opinions from USCIS about their rationale for ruling against a U visa certification on which there forms a record for a court to review. So, so that would be the, the avenue for an ultimate review of this particular question. Right now it's in, it's, it's not an appropriate place for it because USCIS is not a party to this case. USCIS doesn't have any stake in whether or not this person receives the U visa certification. Counsel, counsel could, could if, if somebody just went to a judge independently outside of habeas or anything else that just said, would you sign the certification? The judge said, no. They could file a mandamus petition with the court of appeals, couldn't they? I don't believe that mandamus would be appropriate because I think a discretionary act does not qualify for mandamus. Well, but that would be, but that would be a judgment by the court of appeals. The court of appeals would have a, would have a shot at that. Uh, the, uh, yes, the executive branch doesn't have a position on how a federal court would handle that type of, but that would be an alternate way of getting the question before a court of appeals. Uh, yes, your honor. That's how your, your honors would, would accept a mandamus. Um, and can I, can I, unless the judges have more questions on this, I, you're running out of time a little bit and I want to, I'm, you know, the second issue, the whole, um, the question of, of whether or not he brought a due process, um, claim and, and especially whether or not that due process claim, if it, if it is in fact the detention, whether that's mooted by the fact that he's been released on, I'm sorry, if it was, um, his, uh, a request for bond hearing, if that's been mooted by the fact that he got one and got released, that's something I'm really interested. Yes, your honor. Uh, as you had discussed earlier from the face of the, the habeas petition, it does not appear that he actually did seek a prolonged detention habeas or file a long detention habeas petition, even assuming that he had, he has been released on bond and a prolonged detention habeas. The remedy for that is a bond hearing, not even necessarily released. He was released on bond pursuant to a Rodriguez bond hearing in December of 2018 because he's a member of the Rodriguez class in the central district of California. And so there's no argument that his release is in any way tied to this litigation. Um, and there's no remedy to provide him. He's currently released on bond for, uh, indefinite period of time while his immigration case proceeds. Uh, you know, he has some, um, and not to violate law, but, uh, there's been, um, you know, he's otherwise, you know, a liberty to, to get out on bond. And, um, you know, when, when the government takes, uh, an alien back into custody, uh, my understanding is that they do receive an initial custody redetermination hearing. So to the extent that there's this argument that, well, he now actually has a claim to, to, to a statement that he would be, um, entitled to a bond hearing upon redetention, uh, that's unripe because you don't have a situation where he's going to reach it, take it into custody, uh, without a bond determination. So there is no relief that this court or the district court could provide on that claim, even if he had properly brought it. But, uh, as your honor had mentioned, it does appear that he, he didn't really bring that up. He didn't bring it up until his reply brief to the motion for reconsideration. Yeah, this, there's probably just more curiosity, but this whole, you know, the whole underlying thing of, as you've said, is that he's going to help solve some crimes about where his identity was stolen. Did you know if, if, if any law enforcement or anybody has showed interest in, in that, uh, in that particular thing? Uh, that's not something that I'm aware of, the government is aware of. It may be something that his counsel would be aware of having been in contact with him, but yes, the, the, the place for him to receive that U visa certification would be from the people to whom he complained. And so he also still has the ability to get a U visa certification potentially from those organizations or from, from those agencies. If those agencies decide that they would like to issue one, that they are doing an investigation, but, um, that, that decision is unreviewable and the decision of the court in this instance is also unreviewable because the court is situated, uh, in the exact same position as the, uh, other law enforcement agencies over which Congress could not provide a cause of action. Thank you, counsel. Do you have any other, anything else you want to present? Uh, on the last point in terms of the jurisdiction, um, the, the, the fact of the matter is that the district court did make merits rulings on what she perceived to be her grounds for denying the U visa certification. And, uh, the, the judge was proper and could, because she was the one who would have to swear under penalty of perjury that, um, this, that she believed that he actually would be helpful or is likely to be helpful to a prosecution. So to, so this court could even just make that it was reviewable. Uh, again, the government contends that the first point that is not a reviewable, uh, case of controversy. Thank you, counsel. Judges, do you have any other questions for the council? Uh, Mr. McDowell, I'll give you a couple of minutes for rebuttal, but, uh, go ahead. Okay. So I'd like to, I'd like to focus my rebuttal on the 1184 P1 issue. And to begin with the text of that, to, to rule for the government or even to say that the government has a reasonable interpretation, you'd have to say that judges investigate criminal activity. And that's just not a reasonable reading of 1184 P1 text, not only because in our adversarial system, judges just don't do such a thing. They adjudicate cases that come before them. What about, what about, what about when they do, um, you know, I don't do this, but, uh, judge Chavrio, when you get, when they get a, uh, request for a warrant, I mean, there's this, I mean, I suppose you could characterize that as looking into whether or not the warrant has enough in order to provide the warrant that, and, and, and that's not actually a crazy thing. I don't think because that should be the types of judges that, that you would say this person was particularly helpful in providing the information that, that, um, that formed the basis for the warrant. So it makes sense to ask that judge about that. I guess I just don't think that that's a natural way of describing what a judge does, even in that context. I think we think of judges as adjudicating cases, not investigating cases in Congress could have added the term adjudicating to the limiting clause here and made it. How about supervising a grand jury? I, again, I wouldn't, I don't think that the judge in that context is doing the investigating. And it's also at, by that point, we're so far, the grand jury is doing the investigating, but the judge, but the judge has some supervisory role. Correct. But the statute simply says that the, the limiting clause is investigating criminal activity. So I think that signifies that the, the certifying entity has to be investigating criminal activity. And I just don't think that's a natural construction of the text. And then to, on the 1291 appellate jurisdiction point, the government relies principally on NRA application for exemption. But that case drew this distinction between jurisdictional decisions and merits decisions that I'm relying on here today. It said at page 1041 of the case was unique and that the lawyer sought to appeal from a district court's decision that it lacked jurisdiction on this under the CJA to award fees at all. That's precisely what we have here because the district court below held that it lacked jurisdiction to provide U visa certification in civil cases at all. So just to be clear, counsel, if I understand right, because just basically you're saying, as long as they don't say they didn't have jurisdiction, then it's, then it's unreviewable act of discretion. So if you did, if you don't answer at all, if you're a judge that gets one of these, and I guess it could be us, right? Any judge gets one of these and you just don't answer at all. That would not be reviewable. But if you answer and say, I don't think I have jurisdiction, that's reviewable. Yes, your honor. And I don't think that's particularly odd when you look at the CJA attorneys fees context, because what the, what the court was saying is certain times, in certain contexts, some decisions are administrative and others are judicial. It doesn't have to be one or the other. It's not an on or off switch. So when a court says courts generally lack this power, that is a judicial decision. And that's the sort of decision that the judge made below. And that's what makes it a judicial decision. And that's reviewable under 1291. Thank you, counsel. Any other questions, judges? Thank you both for your argument. And this case will be submitted today.
judges: Bybee, Vandyke, Chhabria